UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PARIS CAMPBELL, | ) | Case No.: 1:20 CV 2351 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| POSHA, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Paris Campbell filed this action against Posha, Mr. Carter, Ashley, Mr. Daily, and Ms. Frazier. The facts alleged in the Complaint are difficult to interpret and, at times, incoherent. He does not assert legal claims. He requests that the Defendants be fired and jailed. He also seeks release from prison and monetary damages.

**Background**

Plaintiff was incarcerated in the Southern Ohio Correctional Facility in 2018 when the alleged incidents occurred. He is now incarcerated in the Toledo Correctional Institution. Plaintiff contends he got into an altercation with two other inmates, Eric Ethridge and "Boppo." He indicates Ethridge discovered he and Plaintiff were flirting with the same female corrections officers. He alleges his disagreement with Boppo resulted when Boppo would not bring a mop to Plaintiff's cell. The altercation with the three inmates took place on the way to recreation on June 4, 2018. Plaintiff indicates all three inmates were charged with fighting and were sanctioned with 25 days in

segregation and 30 days in limited privilege housing ("LPH").

Plaintiff alleges that in LPH he learned from another inmate that Ethridge and Boppo were targeting him. He indicates he was moved to dorm K-2 to avoid them. He states he was there for a few weeks but then corrections officers and a sergeant from another dorm began harassing him about Ethridge and Boppo. He states that the officers are members of the Ku Klux Klan and hang inmates in their cells. He alleges that he wrote to "the feds" and told them that if they let him go home to his wife and his children, he would be an informant. He contends that Posha, a woman he dated in 1996, is now a federal agent and got his letter. He states that federal agents went to the Southern Ohio Correctional Facility and witnessed captains trying to open his cell door to allow other inmates to come in and kill him. He then asked to be transferred to suicide watch. He claims he found conditions there to be intolerable and asked to be moved back to the K-2 dorm.

At this point, the factual allegations become more disjointed. He contends Posha used federal technology which allowed her to communicate with him at all times. He states that Posha was stationed in the mental health unit of the prison, and his cell was moved to be adjacent to that unit. He indicates he then began seeing his son's mother, Lametria Ansley, at the prison. He states that Posha told him that she and Ansley were dating and she brought Ansley to the prison because she needed Ansley to get around due to injuries she sustained in an automobile collision. He states he saw several officers, including a female officer with whom he flirted, talking in the mental health office and learned that the officer and Ethridge have a child together. He indicates Posha told him he would be rich when he got out of prison because people were trying to kill him. He alleges they all asked him for a share of the money and he refused. He claims they then became angry and said they would work with Ethridge to have him killed. He contends all of the female officers became

romantically involved with each other and conspired to hurt him physically. He states he got into another altercation with an inmate at recreation. He indicates he was again sent to segregation. He alleges he handed letters to people he believed to be supervisors telling them about the danger he was in. He indicates he ended up being held in segregation for a longer period of time and then was transferred to the Toledo Correctional Institution.

Plaintiff does not assert a cause of action. He asks that all of the Defendants be fired, and jailed. He also requests that he be released from prison and awarded monetary damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

Plaintiff's Complaint does not meet minimum pleading requirements. To meet this minimum standard, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not contain any indication of the legal claims he intends to assert against the Defendants and none is apparent on the face of the Complaint. Even liberally construed, it does not come close to stating a claim against these Defendants that is plausible on its face.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                              */s/ SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

February 18, 2021

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.